PROVOSTY, J.
Plaintiffs sue in damages for the death of their 18 year old son, who was crushed between two cars loaded with logs, as he was in the act of coupling the cars. It was a log train bringing logs out of the woods. The cars consist of two trucks connected by a pole, and of a crosspiece, or bunker, above each truck, for the logs to rest upon. The pole extends beyond the trucks, and the end of the pole of one car is coupled to the end of the pole of the next car. The car being floorless, the bottom row of logs has necessarily to reach from one truck, or rather from the crosspiece, or bunker above it, to the other. The negligence imputed to the defendant company is that on the occasion in question the ends of the bottom row of logs projected too far out, so that sufficient space was not left between the ends of the logs on the one car and the ends of the logs on the other car for the brakeman to stand between and do the coupling.
But the evidence shows that this condition of things was not at all unusual; that the logs are not all of the same length, and that they will project more or less according to their length; and it shows that this projection is perfectly obvious, and that the manner of coupling is then by stooping under the logs — a thing easy to do; and it also shows that the decedent, although young, had had considerable experience in the work.
Under these circumstances, his unfortunate death must be attributed to his own want of care or imprudence, and not to any fault of the defendant company. The case is easily distinguished from Blackburn v. Railroad Co., 128 La. 319, 54 South. 865. The road there was a commercial road, whose cars were usually loaded with very niiuch more care than could be expected or required of a log road hauling1 logs out of the woods to a sawmill. And it is distinguished from Nugent v. Pickering Lumber Co., 131 La. 891, 60 South. 606, in that the proof was’not made there, as here, of this irregularity in loading being of frequent occurrence, and therefore *970 to be looked for, and taken account of, by every brakeman. Moreover, in this last case the brakeman was held not to have exercised due care, considering the obviousness of the danger.
Judgment affirmed.